**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

**In re:**
**ILDEFONSO MORONTA** **CASE NO.: 2014-2252-JKO**
**CHAPTER: 13**

**Debtors /**

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY RELA TIME SOLUTIONS, INC.**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING (SEE LOCAL RULE 3015-3(A)(2))**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor seeks to value real property securing the claim of Real Time Solutions, Inc. (the “Lender”). Lender holds a mortgage recorded on September 29, 2006 at Book 42855 Pages 1148 in the official records of Broward County, Florida.

2. The real property is located at 2050 NW 188 Avenue, Pembroke Pines, Florida 33029:

**Legal Description: A portion of Parcel “B” of Chapel Trail II, according to Plat thereof, as recorded in Plat Book 112, Page 16, of the Public Records of Broward County, Florida, said portion being more particularly described as follows:**

**COMMENCE: at the Northeast corner of said Parcel “B”; thence along the North line of said Parcel “B” on a Grid North bearing of South 89°53’02” west (based on said Plat) 1978.00 feet; thence South 00°06’58” East 406.36 feet; thence South 89°53’02” West 146.12 feet to the POINT OF BEGINNING, said point lying on the arc of a non-tangent curve, concave westerly, and having a**

**radius of 188.00 feet, whose center bears North 85°27’54” West; thence Southerly along said curve through a central angle of 07°55’36” an arc distance of 26.01 feet to a point of reverse curvature of a curve, concave Easterly and having a radius of 312.00 feet; thence Southerly along said curve through a central angle of 01°59’44” an arc distance 10.87 feet; thence South 89°53’02” West 96.40 feet; thence South 00°06’58” East 7.00 feet; thence South 89°53’02” West 16.00 feet; thence North 00°06’58” West 36.34 feet; thence North 89°53’02’ East 21.25 feet; thence North 00°06’58” West 7.00 feet; thence North 89°53’02” East 97.22 feet to the POINT OF BEGINNING.**

**Said lands situate, lying and being in the City of Pembroke Pines, Broward County, Florida and containing 4173 square feet (0.096 acres) more or less.**

3. At the time of the filing of this case, the value of the real property is $213,000.00 as determined by the County Property Appraiser.

4. Nationstar holds a lien on the Real Property, senior to priority to lender, securing claims in the aggregate amount of $500,000.00.

5.

_ Lender’s collateral consists solely of the debtor’s property. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender’s secured interest in the real property is $0.

_X_ Lender’s collateral is not solely the debtor’s principal residence. After payment in full of the claims secured by liens senior to that of Lender, there is equity of $0.00 remaining in the real property. Accordingly, the value of Lender’s secured interest in the real property is $0.00 and the value of the Lender’s unsecured, deficiency claim is $0.00.

6. The undersigned reviewed the docket and claims register and states:

___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

_X__ Lender has filed a proof of claim in this case (2-1). It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the

real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

**NOTICE IS HEREBY GIVEN THAT:**

**1.** In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

**2.** The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

CORONA LAW FIRM, P.A.

/s/ Ricardo Corona_
RICARDO CORONA, ESQ.
Florida Bar No. 111333
3899 NW 7th Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone
(888) 554-5607 Fax

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing motion was sent via USPS Mail, Certified Mail or electronic transmission to every party on the attached Matrix and all others set forth in the NEF dated this 30th day of October, 2014.

CORONA LAW FIRM, P.A.

/s/ Ricardo Corona_
RICARDO CORONA, ESQ.
Florida Bar No. 111333
3899 NW 7th Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone
(888) 554-5607 Fax

**Credit Mailing Matrix**
**Case No.: 2014-22252-JKO**

**Office of the US Trustee**
51 SW 1st Ave
Suite 1204
Miami, FL 33130

**Robin R. Weiner**
www.ch13weiner.com
P.O. Box 559007
Fort Lauderdale, FL 33355

**Ildefonso Moronta**
19175 NW 23 Place
Pembroke Pines, Florida 33029

Sent Via Certified Mail
**Real Time Solutions, Inc.**
c/o Christopher Gramlich, President
1349 Empire Central Drive Suite 150
Dallas, TX 75247-4029

Sent Via Certified Mail
**Real Time Solutions, Inc.**
c/o Cynthia Allman, Vice-President
1349 Empire Central Drive Suite 150
Dallas, TX 75247-4029